IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GENIUS GMBH, <br><br> Plaintiff <br><br> v. <br><br> NEW AVON, LLC and <br> AVON PRODUCTS, INC. <br><br> Defendants. | CIVIL ACTION NO.: 2:16-cv-00651-JRG-RSP <br><br><br> **JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Genius GmbH ("Genius" or "Plaintiff") hereby states its complaint against Defendants Avon Products, Inc. ("Avon Products") and New Avon, LLC ("New Avon") (collectively, "Avon") as follows:

## NATURE OF THE ACTION

1. This action seeks to redress Avon's infringement of Genius's United States Design Patent, US D730,704 (the "'704 Patent"). As pled below, Avon infringes, and has infringed, the '704 Patent through, among other infringing activities, selling in the U.S. a food cutting device known as the 12-Piece All-in-One Food Prep Set (including, without limitation, any colorable imitations or equivalents thereof) (the "Infringing Product").

## THE PARTIES

2. Genius is a corporation organized and existing under the laws of Germany, with a principal place of business at Im Dachsstück 8, 65549 Limburg an der Lahn, Germany.

3. Avon Products is a New York corporation with a principal place of business at

777 Third Avenue, New York, NY 10017. With respect to Texas, Avon Products is a foreign, for-profit corporation that is registered to conduct business in Texas.

4. New Avon is a Delaware limited liability company with a principal place of business at 777 Third Avenue, New York, NY 10017. With respect to Texas, New Avon is a foreign, limited liability corporation (LLC) that is registered to conduct business in Texas.

5. Genius and Avon are competitors in the kitchen-and-household-aids-products market.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because the action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

7. Avon maintains, and has maintained, an extensive network of sales agents in Texas and within the Eastern District of Texas. Avon's sales agents promote, offer to sell, and sell various products, including the Infringing Product, in Texas and within the Eastern District of Texas.

8. Avon maintains, and has maintained, a website that promotes, offers to sell, and sells various products, including the Infringing Product. Avon uses the website to conduct business in Texas and within the Eastern District of Texas.

9. Avon distributes, and has distributed, a catalog that that promotes, offers to sell, and sells various products, including the Infringing Product. Avon uses the catalog to conduct business in Texas and within the Eastern District of Texas.

10. This Court has personal jurisdiction over Avon at least because, upon information

and belief, Avon maintains, and has maintained, substantial, continuous, and systematic contacts in Texas and within the Eastern District of Texas.

11. The Court has personal jurisdiction over Avon because Avon has made, used, sold, offered to sell, and/or imported into the United States, the Infringing Product—a product that infringes the '704 Patent. In particular, Avon has offered to sell and sold the Infringing Product in Texas and within the Eastern District of Texas.

12. In addition, upon information and belief, Avon has purposefully placed the Infringing Product into the stream of commerce using established distribution channels, knowing the likely destinations of the products to include locations within Texas, and Avon's connections and activities with Texas are such that it should have reasonably anticipated being brought into a court of the State of Texas and this judicial district.

13. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400, because Avon is subject to personal jurisdiction in this District, and because it has committed acts of patent infringement in this judicial district.

## BACKGROUND

### GENIUS'S DESIGN PATENT

14. On September 22, 2011, Cedomir Repac filed U.S. Patent Application 29/402,255 (the "'255 Application") for the ornamental design for a FOOD CUTTING DEVICE.

15. On June 2, 2015, after examining the '255 Application, the U.S. Patent and Trademark Office (the "USPTO") approved the '255 Application and subsequently issued the '704 Patent. The '704 Patent claims an ornamental design for a food cutting device, as shown and described in its figures. A true and correct copy of the '704 Patent is attached as Exhibit A.

16. Genius is the owner of all right, title, and interest to the '704 Patent. The assignment is recorded in the USPTO's assignment database at reel/frame 031600/0338.

**AVON'S INFRINGING ACTIVITY**

17. The photo immediately below shows an image of the Infringing Product:



18. The Infringing Product has an ornamental appearance that is substantially the same as the design claimed in the '704 Patent. The following table shows a visual comparison of the design claimed in the '704 Patent and the Infringing Product:

4



| Images from the '704 Patent | Avon's Infringing Product |
|---|---|
| FIG. 4 | |
| FIG. 5 | |
| | |

| Images from the '704 Patent | Avon's Infringing Product |
|---|---|
| FIG. 6 | |
| FIG. 7 | |

19. In particular, the above comparison of the Infringing Product and the images from the '704 Patent confirms that the Infringing Product is a copy of the design claimed in the '704 Patent.

20. Upon information and belief, the Infringing Product is imported from China and distributed by Avon.

21. Avon has sold and offered to sell the Infringing Product on its website and on Amazon.com. These sales directly compete with sales of Genius's authorized product.

22. The following screen capture shows that Avon has offered the Infringing Product for sale on its website:



23. Avon has not obtained Genius's authorization, license, or consent to make, use, sell, offer to sell, or import products into the U.S. that infringe the '704 Patent, including the Infringing Product.

24. Upon information and belief, Avon offered the Infringing Product on its websites in at least 19 different countries, including the U.S. and Germany. In 2016, Genius learned that Avon's German subsidiary, Avon Cosmetics GmbH ("Avon Germany"), offered the Infringing

Product on its German website, www.avon.de.  Genius purchased the Infringing Product from Avon Germany and could verify that it appropriates aesthetic features of Genius' protected design.

25. By letter of April 29, 2016, Genius notified Avon Germany that it infringed Genius's design rights and requested that Avon immediately refrain from advertising, offering for sale, or distributing the Infringing Product.  After Avon Germany refused to comply with this request, Genius applied for a preliminary injunction with the competent District Court in Frankfurt, Germany.

26. On May 18, 2016, the Frankfurt District Court ordered that Avon Germany cease and desist from offering, distribution, importing or exporting the Infringing Product and to disclose to Genius names and addresses of producers, suppliers as well as commercial customers, such as resellers, of the Infringing Product and the number of ordered, received and delivered Infringing Products.  Furthermore, the Frankfurt District Court ordered that Avon Germany must absorb the costs of the proceedings, including attorney's fees incurred by Genius. On information and belief, the Avon Defendants had notice of the Frankfurt District Court and notice of the '704 Patent and its infringement the '704 Patent.

27. Avon has ignored Genius's repeated warnings that Avon infringes Genius's intellectual property rights.  Despite these warnings, Avon has continued to make, use, sell, and offer to sell the Infringing Product in the United States, and import the same, without a license and without justification to do so.

# CLAIM FOR RELIEF

## PATENT INFRINGEMENT (35 U.S.C. § 271)

28. Genius re-alleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

29. Avon infringes, and has infringed, the '704 Patent by making, using, selling, and offering to sell the Infringing Product in the United States without Genius's authorization, license, or consent. Avon also infringes, and has infringed, the '704 Patent by importing the Infringing Product into the United States without Genius's authorization, license, or consent.

30. Avon's infringement is and was willful and its conduct egregious, at least because it copied the design claimed in the '704 Patent and, upon information and belief, it has continued to import and distribute the Infringing Product in the U.S. even after being warned of the infringement. Avon's infringement conduct is and has been characteristic of a pirate.

31. For the reasons set forth in the preceding paragraphs, Avon's continuing infringement of the '704 Patent irreparably harms Genius. Genius will continue to suffer irreparable harm absent entry of an injunction enjoining Avon and its officers, agents, servants, employees, and attorneys, and all others in active concert or participation with any of them, from infringing the '704 Patent.

## JURY DEMAND

Genius demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Genius requests that the Court enter judgment against Avon as follows:

A. Finding that Avon has willfully infringed the '704 Patent and its conduct in doing so has been egregious;

B. Permanently enjoining Avon, its officers, agents, servants, employees, and attorneys, and all others in active concert or participation with any of them, against further infringing the '704 Patent;

C. Requiring that Avon render a full and complete accounting to Genius for Avon's profits and to pay Genius its total profits resulting from the infringement;

D. Requiring that Avon pay Genius damages adequate to compensate Genius for Avon's infringement of the '704 Patent, but no less than a reasonable royalty;

E. Enhancing by three-fold the damages that Avon must pay Genius, pursuant to 35 U.S.C. § 284, because of Avon's willful and egregious infringement;

F. Finding the case exceptional under 35 U.S.C. § 285 and requiring that Avon pay to Genius its attorneys' fees and costs and expenses in this action;

G. Awarding Genius prejudgment interest, post-judgment interest, and costs of this action; and

H. Such other and further relief as the Court may deem appropriate.

Dated: December 14, 2016  /s/ Steven M. Auvil
Steven M. Auvil (Ohio Bar No. 0063827)
Admitted E.D. Texas
steven.auvil@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower, 127 Public Square
Cleveland, OH 44114
Phone: (216) 479-8500
Fax: (216) 479-8780

*Attorney for Plaintiff Genius GmbH*